UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, </br></br> Plaintiff, </br></br> v. </br></br> D. BURTON, DION URBINA, and ZACH SHIFFLETT, </br></br> Defendants. | CAUSE NO. 1:25-CV-80-JD-JEM |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Herzog alleges on February 20, 2025, he got put on a pending lockdown by Officer D. Burton for "Harassment" and "Disorderly Conduct" for filing "too many requests." ECF 1 at 2. Herzog reports that Officer Burton stated in his report that Herzog had put in 186 total requests, and 80 of those requests were grievances that Herzog had filed over the past eight or nine months. Herzog admits in his complaint

that he filed that many grievances and requests, but he says he had to in order to fulfill the requirements of the Prison Litigation Reform Act ("PLRA"). He told Officer Burton this, but the officer didn't reconsider the charges. Herzog further alleges that on February 21, Lieutenant Zach Shifflett came upstairs and told him he cleared the write-up to go through and told him he assigned the writeup to Hearing Board Member Sergeant Urbina. Herzog says that he had a disciplinary hearing on February 22, and Sergeant Urbina found him guilty.

Herzog submitted a copy of the write-up and disciplinary report. ECF 7. In the write-up, Officer Burton noted that in the past month, Herzog had placed a total of 38 requests—14 grievances, 19 general requests, and 5 others. In total, Herzog had placed 186 total requests, 80 of which were grievances, over the 260 days that he had been at the DeKalb County Jail. Officer Burton singled out one matter that was the basis of the disciplinary charges for harassment and disorderly conduct. Herzog grieved a legal mail issue and appealed the response. The next day, he placed a grievance about the same issue; following his first grievance, he had been shown a video regarding his legal mail issue, but in his second grievance he demanded to be shown further video of who handed that piece of legal mail to Officer Collins.[1] Officer Burton considered it harassment to continue to grieve an issue that had already been decided and appealed. At the hearing, Sergeant Urbina found him guilty based on the officer's report and the

---

[1] Herzog filed a lawsuit about the alleged improper handling of his legal mail in this instance. *See Herzog v. Collins*, No. 1:25-cv-81-JTM-JEM (N.D. Ind. filed Feb. 26, 2025). He describes the grievances in his complaint and attached a copy of the exchange. *See id.* at ECF 1, ECF 9.

2

evidence submitted with the report. Herzog was sentenced to seven days in disciplinary detention.

Herzog is suing Officer Burton, Sergeant Urbina, and Lieutenant Shifflett for violating his First and Fourteenth Amendment rights by disciplining him for fulfilling the PLRA guidelines. However, Herzog is incorrect that the Constitution prohibits him from being punished for filing requests and grievances. The First Amendment protects the filing of a "non-frivolous grievance." *Perez v. Fenoglio*, 792 F.3d 768, (7th Cir. 2015). But *frivolous* grievances can be punished. *See Hale v. Scott*, 371 F.3d 917, 919 (7th Cir. 2004); *Harris v. Walls*, 604 F. App'x 518, 521 (7th Cir. 2015) ("[Prison officials] may also punish inmates who file frivolous grievances or lawsuits or lie to prison officials."). Herzog's First Amendment rights are necessarily limited by his detention in the DeKalb County Jail. "[O]fficials have broad discretion to regulate prisoners' speech when consistent with 'legitimate penological interests.'" *Watkins v. Kasper*, 599 F.3d 791, 796 (7th Cir. 2010) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Herzog contests the conclusion that the second grievance was harassment, noting that he "didn't repeat the same grievance more than twice." ECF 7 at 2. Restricting an inmate to one grievance per issue is rationally related to the legitimate government objective of allocating staff resources effectively.

In addition, Herzog was subject to a hearing before he was sanctioned with seven days' disciplinary detention for filing a harassing grievance. As a pretrial detainee, he is entitled to due process protections under the Fourteenth Amendment before being punished, but he hasn't alleged that those protections were absent. In this

3

situation, due process requires advance written notice of the alleged infractions, an opportunity to present evidence, an impartial decisionmaker, a written statement explaining the evidence and reasoning for the disciplinary action, *see Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974), and that the disciplinary decision was supported by "some evidence," *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).[2] There are no allegations that these elements were not present in the hearing, so there is no basis to conclude that Herzog was punished without due process.

This complaint does not state a claim for which relief can be granted. If Herzog believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the court will send him and which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

---

[2] The court assumes that Herzog's status as a pretrial detainee means that he is entitled to the full procedural protections in *Wolff*. However, the court acknowledges that there are more relaxed standards of due process that might also apply. *See Westefer v. Neal*, 682 F.3d 679, 684-85 (7th Cir. 2012) (informal due process applicable for a convicted prisoner's placement in long-term segregation requires only "some informal, nonadverserial" process, consisting of "some notice" of the reason for the inmate's placement in long-term segregation and an opportunity to present his views).

(1) DIRECTS the clerk to attach the supplement (ECF 7) as an exhibit to the complaint (ECF 1);

(2) DIRECTS the clerk to write the cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Coltin Drew Herzog;

(3) GRANTS Coltin Drew Herzog until **August 14, 2025**, to file an amended complaint; and

(4) CAUTIONS Coltin Drew Herzog if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 10, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT