UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, <br><br> Plaintiff, <br><br> v. <br><br> D. BURTON, DION URBINA, and ZACH SHIFFLETT, <br><br> Defendants. | CAUSE NO. 1:25-CV-80-JD-JEM |

### AMENDED OPINION AND ORDER[1]

Coltin Drew Herzog, a prisoner without a lawyer, filed an amended complaint. ECF 16. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Herzog alleges that on February 20, 2025, he was put on a pending lockdown by Officer Devin Burton for "Harassment" and "Disorderly Conduct" for filing "too many requests." ECF 16 at 3. Herzog notes that since then, he has received seven writeups from Officer Burton for what Herzog deems to be trivial things, like looking someone

---

[1] This amended opinion and order corrects an error in the previous screening order (ECF 24).

up on MyCase or contacting a mutual friend he has with someone else at the jail. He says all this is part of a pattern of staff intentionally harassing him.

In the court's prior screening order, it analyzed Herzog's claim regarding his conduct report for filing too many requests as a potential First Amendment violation. ECF 15. Herzog was punished for filing two grievances about the same issue, and he argued that it violated the First Amendment to punish him for filing grievances. But the court concluded that the First Amendment protected only nonfrivolous grievances, and Herzog's filing of multiple grievances on the same issue was frivolous. Therefore, it did not violate the First Amendment to punish him for it.

However, in the amended complaint, the allegations focus more on examples of what Herzog calls "harassment" by jail officials, who he alleges write him up for acts that are not clearly prohibited by the rulebook. As an example, he details a Conduct Report that he and another inmate received for "MJ-02 Attempting to contact inmates in another cell block or using a civilian to engage in trafficking with another inmate here or in another facility" and for "MJ-32 Knowing, knowingly or conspiring with another inmate to commit a criminal charge, major or minor facility rule violation." ECF 20 at 3.[2] According to the Conduct Report, Officer Burton was listening to phone calls that had been logged over the past few days and heard Herzog ask someone to look up Devin Wilber's court information through MyCase. Wilber was an inmate who resided on the same block as Herzog. The officer concluded Herzog appeared to be "trafficking

---

[2] Herzog provided an exhibit that includes the Conduct Report for the other inmate involved. ECF 20. The court will direct the clerk to attach it as an exhibit to the amended complaint.

2

information" for Wilber and the two received a conduct report, and Herzog was punished after a disciplinary hearing that Dion Urbina was involved in. *Id.*

As another example, Herzog alleges he made a phone call to a woman he and two other inmates at the jail knew. According to the amended complaint, the phone call was short because once she realized who he was, she blocked the number. He says nothing criminal or in violation of the jail rules happened during that call, but regardless, Lieutenant Zach Shifflett told Officer Burton to take Herzog and the two other inmates who knew the woman to Disciplinary for trafficking and conspiring.

Herzog has plausibly alleged a due process violation based on unconstitutionally vague jail rules that don't clearly define what conduct is prohibited. Because he is a pretrial detainee, he cannot be punished without the due process protections required under the Fourteenth Amendment. *See Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). In this situation, due process requires advance written notice of the alleged infractions, an opportunity to present evidence, an impartial decisionmaker, a written statement explaining the evidence and reasoning for the disciplinary action, *see Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974), and that the disciplinary decision was supported by "some evidence," *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Further, "[a] regulation must be sufficiently definite to give people of ordinary intelligence notice of the conduct it prohibits . . .." *Isby-Israel v. Finnan*, 347 F. App'x 253, 255 (7th Cir. 2009); *see also Crawford v. Littlejohn*, 963 F.3d 681, 684-85 (7th Cir. 2020) (concluding phrase "financial transactions" in prison disciplinary code is not unconstitutionally vague because "[p]eople of common understanding can see what is forbidden"); *Brown v.*

*Schneiter*, 335 F. App'x 618, 622-23 (7th Cir. 2009). It is possible that in the context of the regulations, the prohibited conduct is clear. But giving Herzog the inferences to which he is entitled, he has alleged enough to proceed against D. Burton, Dion Urbina, and Zach Shifflett on a due process claim for their involvement in the two disciplinary actions described above.

The other instances Herzog complains about—being written up for "talking to the females," for keeping his legal mail in another inmate's tote, and for having too many books—do not state a due process claim because he does not say what rules he was alleged to have violated. ECF 16 at 3-4. There is no basis to conclude that the rule he violated was unconstitutionally vague in those situations. Therefore, Corporal Brian Miller will be dismissed because his involvement in the events of the amended complaint is limited to the writeup for talking to the females.

Herzog also moves for a preliminary injunction. ECF 17. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). To obtain a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In general, the purpose of a preliminary injunction is to preserve the status quo pending final resolution of the case on the merits. *See Lackey v. Stinnie*, 604 U.S. --, 145 S. Ct. 659, 667

4

(2025) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held and to balance the equities as the litigation moves forward." (cleaned up)). A preliminary injunction, thus, "merges" into a permanent injunction entered as part of the judgment on the merits. *See Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314 (1999).

Herzog asks the court to order the defendants to "cease harassment and retaliation" against him. ECF 17 at 1. However, he has not plausibly alleged an ongoing constitutional violation in his amended complaint that would warrant a claim for injunctive relief. He has plausibly alleged only that some of his disciplinary convictions might have violated the due process clause for being based on rules that were unconstitutionally vague, but not an ongoing campaign of harassment. Without a claim for injunctive relief, the motion for a preliminary injunction will be denied.

For these reasons, the court:

(1) DIRECTS the clerk to VACATE the prior screening order (ECF 24);

(2) DIRECTS the clerk to attach the Conduct Report Exhibits (ECF 20) to the amended complaint (ECF 16)

(3) DENIES the motion for a preliminary injunction (ECF 17);

(4) GRANTS Coltin Drew Herzog leave to proceed against D. Burton, Dion Urbina, and Zach Shifflett in their individual capacities for monetary damages for punishing him for making a phone call to ask for the caller to look up another inmate's criminal case in MyCase under an unconstitutionally vague jail rule in violation of the Fourteenth Amendment;

(5) GRANTS Coltin Drew Herzog leave to proceed against D. Burton, Dion Urbina, and Zach Shifflett in their individual capacities for monetary damages for punishing him for making a phone call to a woman who was a mutual acquaintance with other inmates under an unconstitutionally vague jail rule in violation of the Fourteenth Amendment;

(6) DISMISSES all other claims;

(7) DISMISSES Miller;

(8) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) D. Burton, Dion Urbina, and Zach Shifflett at the DeKalb County Jail, with a copy of this order and the complaint (ECF 16);

(9) ORDERS the DeKalb County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), D. Burton, Dion Urbina, and Zach Shifflett to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 2, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT